KNAPP & SPENCER CO., Appellant, v. DANIELS,
Respondent.

(219 N. W. 479.)

(File No. 5757.   Opinion filed May 19, 1928.)

*Roscoe Knodell,* of Winner, and *W. J. Hooper,* of Gregory,
for Appellant.

*Windsor Doherty,* of Winner, for Respondent.

BROWN, J.   Defendant, a retail merchant at Winner, S. D.,
was a customer of plaintiff, and about February 16, 1920, while at
plaintiff's place of business in Sioux City, was induced by plaintiff
to undertake the sale of phonographs and phonographic supplies.
Defendant says that he told the sales manager that there was no
demand for that line of merchandise in his territory, and, in order
to induce him to take the matter in hand, the sales manager told
him that he might take a number of phonographs and pay for
them as he sold them, and, if he did not succeed in making any
sales, he could return them, as plaintiff had territory in which it
could sell them.   An order form for the phonographs to be con-
signed to plaintiff was partially filled in by H. W. Tait, a traveling
salesman for plaintiff, who was in the office at the time.   This
form, so far as filled out, recited that there was sold to E. S.
Daniels, Winner, S. D., "terms, May 1st," five phonographs, par-
ticularly described therein, also a number of records and needles;
the whole amounting to $457.90.   The order form was not signed

by defendant, nor by any one on behalf of plaintiff, but the sales manager testified that it was examined by defendant.

Tait, as a witness, substantially corroborated defendant as to the terms of sale, and the right to return merchandise not sold. The testimony of defendant and Tait on this point was objected to as varying the terms of the written order of sale, plaintiff contending that this order, although not signed by any one, was a contract in writing which could not be varied or contradicted by oral testimony.

Defendant did not succeed in selling any of the phonographs, and returned them and some of the records to plaintiff on October 12, 1920. If defendant had a right to return these phonographs, his account was fully paid, and plaintiff had no cause of action. Plaintiff, however, claimed that return of the merchandise was not authorized, and so notified defendant when the goods were returned, but eventually accepted the returned goods and credited defendant with what plaintiff claimed was their reasonable value at the time they were returned, and, if plaintiff's contention in this respect was justified, there was a balance of about $335 due plaintiff at the time of the commencement of the action.

The jury found for defendant upon all the issues, and, from a judgment on the verdict and an order denying a new trial, plaintiff appeals.

Appellant cites a number of cases holding that one accepting the terms of a written contract may be bound by it, although he has not signed it. We have examined most of these cases, and in them the contract was signed by the party sought to be held, and accepted and acted upon by the other. In the present case, the order form was not signed by either party, and we do not think it can be considered a contract in writing.

R. C. 1919, § 860, provides that the execution of a contract in writing supersedes all oral communications or stipulations concerning its matter which preceded or accompanied the execution of the instrument. But the partial filling in of an order blank not signed by any one cannot, in our opinion, be said to be the execution of a contract in writing. The contract pursuant to which this order form was made out was oral, and remained an oral contract notwithstanding the memorandum made on the order form by one of the employees of the plaintiff.

By their verdict the jury found that the oral contract was as stated by defendant, and the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BURCH, P. J., not sitting.